# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

ALLEN V. JAFFE,

    Plaintiff,

v.

JOHN ZAMORA, and TENET HEALTHCARE dba FOUNTAIN VALLEY REGIONAL HOSPITAL AND MEDICAL CENTER,

    Defendants.

Case No.: SACV 14-01478-CJC(RNBx)

**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION & BACKGROUND

Plaintiff Allen V. Jaffe, appearing *pro se*, brought this employment action against Defendants John Zamora and Tenet Healthcare Corporation dba Fountain Valley Regional Hospital and Medical Center ("Tenet") in Orange County Superior Court on

July 3, 2014.  (Dkt. No. 1 ["Notice of Removal"], Exh. A, First Am. Compl. ["FAC"].) On August 25, 2014, Mr. Jaffe filed a First Amended Complaint ("FAC") alleging the following eleven causes of action: (1) retaliation and wrongful termination in violation of California Labor Code Section 1102.5(b); (2)   retaliation and wrongful termination in violation of public policy; (3) retaliation and wrongful termination in violation of the California Health and Safety Code Section 1278.85; (4) retaliation and wrongful termination in violation of California Labor Code Section 98.6; (5) Age Discrimination in violation of California Government Code Section 12941; (6) retaliation and wrongful termination under California Government Code section 12940; (7) fraud and deceit in falsifying employment records; (8) deceit; (9) "Violation of the Fair Labor Standards Act for Failure to make available mandatory meal periods or Compensation in Lieu Thereof (Labor Code 226.7, 512, IWC Wage order 5, Cal. Code Regs. Title 8, sec. 11050)"; (10) "Violation of the Fair Labor Standards Act for Failure to pay overtime Wages (Lab. Code sec. 510, 1194)"; and (11) violation of California Labor Code Section 6403. (FAC.)  On September 12, 2014, Tenet removed this action on the basis of federal question jurisdiction and diversity jurisdiction.  (Notice of Removal ¶¶ 4–5.)  The Court now concludes that it lacks subject matter jurisdiction and *sua sponte* REMANDS this action to Orange County Superior Court.

## II. ANALYSIS

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a).  "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court.").  The burden of

establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court. 28 U.S.C. § 1447(c); *see also Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) (explaining that federal courts have an "independent obligation" to assess whether they have subject matter jurisdiction). Here, Tenet improperly removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a).

### A. Federal Question Jurisdiction

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). The well-pleaded complaint rule ensures that the plaintiff is the master of her claim by finding jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the plaintiff may avoid federal question jurisdiction through exclusive reliance on state law. *Id.*

Tenet contends that Mr. Jaffe's ninth and tenth causes of action arise under federal law because they seek relief under the "Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*" (Notice of Removal ¶ 4.) This is a mischaracterization of Mr. Jaffe's claims. Although the words "Fair Labor Standards Act" do appear on the face of the FAC, they

are immediately followed by explicit citations to California statutes and regulations. Under the heading labeled "Ninth Cause of Action," the FAC cites California Labor Code Sections 226.7 and 512 and the California Industrial Wage Commission's ("IWC") Wage Orders Nos. 5-1998, 5-2000, and 5-2001, as codified in 8 Cal. Code Regs. § 11050. Within the "Tenth Cause of Action" heading, the FAC cites California Labor Code Sections 510 and 1194. There is no mention of the United States Code or alleged violations of the federal statute in the headings or anywhere else in the FAC.

Moreover, the allegations supporting the ninth and tenth causes of action make clear that these claims rely on rights created by state law. The ninth cause of action alleges that

> [b]y requiring Plaintiff to work periods exceeding 5 hours without the mandatory uninterrupted, off-duty 30 minute meal period and to work and not being compensated one hour of pay at their regular rate of compensation for each instance, as alleged above, Defendants[] willfully violated provisions of Labor code sections 226.7, 512 and IWC Wage order nos. 5-1998, 5-2000, and 5-2001; such mandatory meal breaks may not be waived, and Plaintiff did not willfully waive such meal breaks.

(FAC at 35.) Such factual allegations support a colorable claim under California law. *See* Cal. Labor Code § 512 (prohibiting "employ[ing] an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except for [applicable exception]"); 8 Cal. Code Regs. § 11050. Likewise, the tenth cause of action recites the law of Labor Code Sections 510 and 1194, which govern overtime pay. Labor Code Section 510 states that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." Cal. Lab. Code § 510(a). Labor Code Section 1194 creates a private right of action for an employee to recover any unpaid balance of his overtime compensation. Cal. Lab. Code § 1194(a). Mr. Jaffe alleges that he "was required to work twelve and a half hour shifts without rest breaks having been made available . . .

[and] is therefore entitled under statute to double time pay for each half hour over twelve hours he was required to work . . . ." (FAC at 36.) These allegations make it clear that Mr. Jaffe's claims arise under state law. Because the FAC does not assert causes of action under federal law or require resolution of a substantial question of federal law, this Court lacks federal question jurisdiction.

### B. Diversity Jurisdiction

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and complete diversity exists among the parties. 28 U.S.C. § 1332. Complete diversity is the requirement that *all* plaintiffs be of different citizenship than *all* defendants; any instance of common citizenship prevents diversity jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)). Diversity jurisdiction depends upon the citizenship of the parties named, not whether they have been served. Thus, complete diversity is defeated by joinder of a nondiverse codefendant, even if she has not been served. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939); *see also Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979) ("[T]his court has specifically rejected the contention that . . . service is the key factor in determining diversity.").

Tenet appears to be a citizen of Nevada and Texas. (Notice of Removal ¶ 6.) Mr. Jaffe is a citizen of California. (FAC at 5.) From the allegations of the FAC, Mr. Zamora, a co-defendant in this case, seems to be a citizen of California as well. (*See* FAC at 6, 8.) The common citizenship of a plaintiff and a defendant defeats diversity jurisdiction, *see Exxon Mobil Corp.*, 545 U.S. at 553, and Tenet has not offered any evidence to the contrary. Instead, Tenet suggests that because Mr. Zamora was not

properly served with the summons and complaint, his citizenship is irrelevant to the question of jurisdiction. (*See* Notice of Removal ¶¶ 7–8.) This proposition is contrary to clearly-established law. *See Pullman Co.*, 305 U.S. at 541 ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant." (internal citation omitted)); *Preaseau*, 591 F.2d at 78. Because Mr. Jaffe shares a common citizenship with a named defendant in this case, this Court lacks diversity jurisdiction.

## III.  CONCLUSION

Because subject matter jurisdiction does not exist, the Court VACATES all prior orders in this case and REMANDS the action to state court.

DATED:     February 27, 2015

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE